UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN LOPEZ,                                            :
                                                       :
                           Petitioner,                 :
                                                       :       **ORDER DENYING PETITION FOR**
              -against-                                :       **WRIT OF HABEAS CORPUS**
                                                       :
GLEN S. GOORD, Commissioner,                           :
Dep't of Correctional Services,                        :       05 Civ. 5855 (AKH)
                                                       :
                           Respondent.                 :
-------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       Petitioner John Lopez, currently an inmate at Auburn Correctional Facility, brings this petition for habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his constitutional rights. Lopez claims that: (1) that his right to counsel was violated; (2) the trial court violated his due process rights under the Fourteenth Amendment; (3) he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments, and (4) his sentence violated the Eighth Amendment because it was "illegal and extremely harsh and excessive." For the following reasons, the petition is denied.

### I. Background

#### a. Facts:

       The charges against petitioner arise from an altercation on May 27, 1999, at 152nd Street and Wales Avenue in the Bronx, that quickly escalated into a fight. Petitioner's brother was punched senseless-- "knocked out" by, "Caballo," a friend of Ruben Turull ("Turull"). An ambulanced was called, and Turull helped petitioner's brother into the ambulance, and told petitioner, who had not witnessed the event, what had happened.

A few days later, on May 31, 1999, Mr. Turull was standing at the same street corner with his three-year-old daughter, Iris Turull, and a friend, Jessica Serrano ("Serrano"). Petitioner drove by with two others, pointed a silver .38 caliber revolver at Turull called out, "I got you now motherfucker," and fired. Iris was shot in the head, and died a few hours later. Serrano was shot in the leg. Others nearby were not hurt.

### b. Procedural History:

On April 11, 2001, following a jury trial, petitioner John Lopez was convicted of Murder in the Second Degree (New York Penal Law § 125.25 [1]), Attempted Murder in the Second Degree (NYPL §§ 110 / 125.25 [1] [a class B felony]), and Assault in the First Degree (NYPL § 120.10 [1] [a class B felony]). The Supreme Court, Bronx County sentenced petitioner to an indeterminate term of imprisonment of 25 years to life, and determinate terms of 15 years, and 25 years, respectively. Petitioner was sentenced to these terms to run consecutively, that is, 65 years to life, as a second violent felony offender under NYPL § 70. 04[1]

On appeal to the Appellate Division, First Department, petitioner argued two points: 1) His right to counsel under the state and federal constitutions was violated when he made an unequivocal statement expressing his desire for an attorney to the Assistant District Attorney interviewing him ignored said request and continued questioning and 2) Prosecutorial misconduct occurred in the form of inappropriate summation comments designed to arouse the

---

[1] N.Y.P.L § 70.04 (2) provides: "Authorized sentence. When the court has found, pursuant to the provisions of the criminal procedure law, that a person is a second violent felony offender the court must impose a determinate sentence of imprisonment which shall be in whole or half years. Except where sentence is imposed in accordance with the provisions of section 70.10, the term of such sentence must be in accordance with the provisions of subdivision three of this section"
N.Y.P.L. § 70.04(3) provides: "Term of sentence. The term of a determinate sentence for a second violent felony offender must be fixed by the court as follows: (a) For a class B felony, the term must be at least ten years and must not exceed twenty-five years; (b) For a class C felony, the term must be at least seven years and must not exceed fifteen years; and (c) For a class D felony, the term must be at least five years and must not exceed seven years. (d) For a class E felony, the term must be at least three years and must not exceed four years."

jury's passions (Pet. Br. at 57-58). Petitioner also filed a pro se supplemental brief arguing eight additional claims.

On January 29, 2004, the Appellate Division affirmed petitioner's conviction. The court held that petitioner's request for counsel, mid –interview, was vague, and did not constitute an "unequivocal invocation of his right to counsel." People v. Lopez, 770 N.Y.S.2d 854 (N.Y.App. Div. 1st Dept. 2004). The Appellate Division held also that petitioner's trial was fair, that he had received sufficient assistance of counsel, and that there was no legal basis for reducing his sentence. Id.

Petitioner then moved pursuant to N.Y. Crim. Proc. Law §§ 440.10 and 440.20 to vacate his judgment of conviction and to set aside his sentence similar grounds. The Supreme Court, Bronx County denied this application on December 21, 2006. Aff. In Opp'n, Ex. 15.

Petitioner now petitions this court for a writ of habeas corpus claiming that: (1) his right to counsel was violated; (2) the trial court committed errors that denied him his right to a fair trial; (3) he received ineffective assistance of counsel, and (4) petitioner's sentence was "illegal and extremely harsh and excessive."

## II. Discussion

Persons in state custody resulting from a conviction in state court may petition for federal habeas corpus relief on the ground that their custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The application cannot be granted unless the petitioner has exhausted all available state court remedies, or the state remedies are absent or ineffective. 28 U.S.C. § 2254(b)(1). The court may deny a petition on the merits regardless of whether state remedies have been exhausted. 28 U.S.C. §2254(b)(2). The court cannot grant the writ where the state court adjudicated the claim on the merits unless that

adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable interpretation of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The court must also presume that the state court correctly determined factual issues unless the applicant rebuts the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

   a. **Petitioner's Right to Counsel Claim**

Petitioner claims that his Sixth Amendment right to counsel was violated when his request for an attorney was ignored. "[A] suspect subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and [] the police must explain this right to him before questioning begins." Davis v. United States, 512 U.S. 452, 457 (1994). Once a suspect has invoked his right to counsel, he cannot be questioned any further until counsel is present. Minnick v. Mississippi, 498 U.S. 146 (1990). However, a request for counsel must be made "unambiguously" and law enforcement is not required to cease questioning every time a suspect makes "ambiguous or equivocal reference to an attorney." Davis, 512 U.S. at 459.

In this case, after petitioner was read his rights a second time by an assistant district attorney, he stated, "I was asking for a lawyer, but, um, I couldn't get one. So, I told— later on down the line, I told—how things were happening."

By this time, petitioner had confessed, in a written statement made after his arrest, after having been read his Miranda warnings. At his trial there was a surfeit of evidence to convict him. Three eyewitnesses testified that petitioner was the shooter, and there was much corroborating evidence. The admission of the videotaped statement could have had no

"substantial or injurious effect" on the jury's verdict. Petitioner cannot satisfy the standard of Brecht v. Abrahamson, requiring that a habeas petitioner show that an error "'had substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).

**b. Petitioner's Claims as to Errors at Trial**

Petitioner alleges four errors at the trial court level as grounds for habeas relief. Petitioner's first claim, that the trial court should have instructed the jury to consider intentional murder, depraved-indifference murder, and manslaughter in the alternative, was never exhausted at the state court level, and thus cannot be raised to support a habeas petition. Moreover, it is clear that the trial court instructed the jury to consider the charges in the alternative. The trial court did so in its instructions, and in the verdict sheet. See Aff. In Opp'n Ex., 2. Petitioner's claim is meritless, and it is denied. See 28 U.S.C. § 2254 (b)(2).

Petitioner's second and third allegations of error by the trial court were reviewed by the state court in his N.Y. Crim. Proc. Law § 440.10 motion. Petitioner alleges error in listing the statutory elements on the verdict sheet without his consent and charging both intentional and depraved indifference murder under the same theory by stating, that depraved conduct "is so wanton, so deficient in moral sense and concern, so devoid of regard for the life of others, as to equal in blameworthiness intentional conduct which produces the same result." Def.'s Mem. Of Law, 17. The state court denied these claims on grounds that they were barred from review because these claims could have been raised on direct appeal, but petitioner failed to do so without offering any justification for this failure.[2] The state court's denial rested expressly and

---

[2] N.Y. Crim. Proc. Law §§ 440.10 (2)(c) states, "Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when: Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable

solely on the procedural bar in place in N.Y. Crim. Proc. Law § 440.10 (2)(c). Because it is clear from the face of the state court opinion that the decision rests on an independent state ground, this court is barred from reviewing these claims; and these two claims are therefore denied. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Finally, petitioner claims that the trial court denied him a fair trial by improperly instructing the jury not to consider evidence of how the petitioner was arrested. During its deliberation, the jury asked the court, "What I.D. did the detectives have when they arrested [petitioner]?" Aff. In Opp'n, 25. The court responded, with defense counsel's consent, "it could not answer the particulars of the question since it is not the function of the jury to determine if petitioner was arrested properly and that the People, therefore, are not permitted at trial to present all the evidence that relates to that issue." Aff. In Opp'n, 24-25. The trial court did, however, offer the jury to have the testimony of the arresting officers read back.

Trial courts have discretion in responding to requests from a jury. See Moore v. Scully, 956 F. Supp. 1139, 1147 (S.D.N.Y. 1997). The trial court's instructions will stand "so long as the answer given does not violate a constitutional right." McShall v. Henderson, 526 F. Supp. 158, 161 (S.D.N.Y. 1981). Petitioner claims that this instruction violated his Fifth, Sixth, and Fourteenth Amendment rights, but he does not say why. The trial court's response to the jury's question responded according to State law, and did not prejudice the jury, and render the trial unfair. In light of the substantial weight of the evidence against petitioner, the answer to the jury's question could not have changed the outcome of the trial, and the appellate court's rejection of this claim, therefore, was not an unreasonable application of federal law. See Urena v. Lape, 373 F. Supp. 2d 449, 459 (S.D.N.Y. 2005) (denying habeas because petitioner could not

---

failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him"

"establish that the trial court's answer to this question in some way prejudiced the jury deliberations, or that the response made his trial fundamentally unfair").

### c. Petitioner's Ineffective Assistance of Counsel Claim

Petitioner claims that his counsel was ineffective for failing to object in three instances: (1) the alleged failure to instruct the charges of intentional murder and depraved indifference murder in the alternative; (2) the alleged instruction that depraved indifference murder and transferred intent were identical concepts, and (3) the placement of statutory elements on the verdict sheet. To prevail on an ineffective assistance of counsel claim, a petitioner must establish: (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984). In evaluating a petitioner's counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. If a petitioner cannot satisfy one prong of the test, the claim of ineffectiveness of counsel fails. See Id. at 702.

Petitioner's claim that counsel's failure to object to the instructions on intentional and depraved indifference murder was unexhausted. It is also without merit. The court instructed the jury in its instruction and on the verdict sheet to consider the counts in the alternative. See Aff. In Opp'n, Ex., 2. Counsel did not act deficiently in failing to object to an action of the court which was not improper. See Wheeler v. Phillips, No. 05-CV- 4399, 2006 U.S. Dist. LEXIS 61397, at *47 (E.D.N.Y. Aug. 15, 2006) ("Counsel cannot be deficient for failing to raise a meritless claim at trial or on appeal.") Thus, petitioner's first allegation of trial counsel's ineffectiveness fails.

Petitioner's second and third allegations of defense counsel's ineffectiveness, that his attorney failed to object to both a statement made by the court and the listing of the statutory

7

elements on the verdict sheet, were raised in his N.Y. Crim. Proc. Law §§ 440.10 motion. The state court denied these claims on grounds that they should have been raised on direct appeal, a purely independent state law point. See Aff. In Opp'n, Ex., 15. Accordingly, this court is precluded from reviewing these claims. Coleman, 501 U.S at 750.

### d. Petitioner's Harsh and Excessive Sentence Claim

On direct appeal, petitioner raised the claim that his sentence is unduly harsh and excessive. The claim was denied on the merits by the Appellate Division. See Lopez, 770 N.Y.S.2d 854. Petitioner was sentenced, as a second violent felony offender, to consecutive terms of imprisonment totaling 65 years to life. He claims that his sentence should have run concurrently and not consecutively. This claim is without merit, for it is purely a matter of state law how a prison term should be served, whether concurrent or consecutive. Davis v. Herbert, No. 02-CV-04908, 2003 WL 23185747, at *15 (E.D.N.Y. Oct. 24, 2003). Petitioner was sentenced to the maximum penalties for each count and sentenced accordingly. Diaz v. LeFevre, 688 F. Supp. 945, 949 (S.D.N.Y. 1988) ("[B]ecause his sentence did not exceed the maximum sentence permissible for a felony under N.Y. Penal Law § 70.00 (McKinney 1987) there is no ground for habeas relief.")

In any event, petitioner's sentence was in not "grossly disproportionate to the crime," the constitutional standard for Eighth Amendment claims. Harmelin v. Michigan, 501 U.S. 957, 1001 (1991). Petitioner killed a three-year-old girl in an attempt to shoot at her father and injured another bystander in a drive-by shooting. Sixty-five years to life is not disproportionate, and does not constitute an Eighth Amendment violation. Maldonado v. West, 05-CV-3132, 2007 WL 188684, at *11 (E.D.N.Y. Jan. 22, 2007) ("[N]o Supreme Court precedent or other federal authority even remotely suggests that any of petitioner's sentences-25
8

years to life for second-degree murder, 10 years concurrently for weapons possession, and 20 years consecutively for attempting to murder a second individual is disproportionate under the Eighth Amendment.")

### III. Conclusion

For the foregoing reasons, the petition is denied. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the court shall mark the case as closed.

SO ORDERED.

Dated:	New York, New York
	August 5, 2008

ALVIN K. HELLERSTEIN
United States District Judge